**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT, a Political Subdivision of the State of California, 21865 Copley Drive Diamond Bar, CA 91765 )<br><br>Plaintiff, )<br><br>v. )<br><br>STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, United States Environmental Protection Agency Ariel Rios Building 1200 Pennsylvania Avenue, N.W. Washington, D.C. 20460 )<br><br>Defendants. ) | Civ. No. 07-1744<br><br>Judge Rosemary M. Collyer |

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants, STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (collectively "EPA") respond as follows to the Complaint filed on September 28, 2007, by plaintiff SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT ("Plaintiff"). The responses are numbered to correspond to the paragraphs in the Complaint.

**I.**

**PRELIMINARY STATEMENT**

1. Paragraph 1 of the Complaint constitutes Plaintiff's characterization of its lawsuit, to

which no response is required.

2. The first sentence of Paragraph 2 of the Complaint characterizes portions of an enacted statute, the Clean Air Act, which speaks for itself and is the best evidence of its content. EPA denies the allegations of the first sentence of Paragraph 2 to the extent they are inconsistent with the Clean Air Act. The allegations in the second sentence of Paragraph 2 of the Complaint contain conclusions of law, to which no response is required. EPA admits the allegations in the third sentence of Paragraph 2 of the Complaint. The fourth and fifth sentences of Paragraph 2 of the Complaint characterize portions of a regulation, which speaks for itself and is the best evidence of its content. EPA denies the allegations of the fourth and fifth sentences of Paragraph 2 to the extent they are inconsistent with the regulation.

3. Paragraph 3 of the Complaint characterizes portions of a regulation, which speaks for itself and is the best evidence of its content. EPA denies the allegations of Paragraph 3 to the extent they are inconsistent with the regulation.

4. Paragraph 4 of the Complaint contains conclusions of law, to which no response is required.

5. Paragraph 5 of the Complaint constitutes Plaintiff's characterization of its lawsuit, to which no response is required.

## II.

## JURISDICTION

6. The first, second, and third sentences of Paragraph 6 of the Complaint characterize portions of an enacted statute, the Clean Air Act, which speaks for itself and is the best evidence of its content. EPA denies the allegations of the first, second, and third sentences of Paragraph 6

to the extent they are inconsistent with the Clean Air Act. The fourth sentence of Paragraph 6 of the Complaint contains conclusions of law, to which no response is required.

    7. The first sentence of Paragraph 7 of the Complaint characterizes portions of an enacted statute, the Clean Air Act, which speaks for itself and is the best evidence of its content. EPA denies the allegations of the first sentence of Paragraph 7 to the extent they are inconsistent with the Clean Air Act. The second, third, and fourth sentences of Paragraph 7 of the Complaint purport to describe a notification letter. The notification document speaks for itself and is the best evidence of its contents. EPA denies the allegations of the second, third, and fourth sentences of Paragraph 7 to the extent they are inconsistent with the notification letter. The fifth sentence of Paragraph 7 of the Complaint contains conclusions of law, to which no response is required.

### III.

### VENUE

    8. Paragraph 8 of the Complaint contains conclusions of law, to which no response is required.

### IV.

### THE PARTIES

    9. EPA lacks sufficient information to form a belief to the truth or falsity of the allegations in Paragraph 9 of the Complaint. Therefore, those allegations are neither admitted nor denied.

    10. EPA lacks sufficient information to form a belief to the truth or falsity of the

3

allegations in the first and second sentences of Paragraph 10 of the Complaint. Therefore, these allegations are neither admitted nor denied. The third sentence of Paragraph 10 of the Complaint contains conclusions of law, to which no response is required.

11. EPA admits that STEPHEN L. JOHNSON is the Administrator of EPA. The remaining allegations in the first sentence of Paragraph 11 of the Complaint contain conclusions of law, to which no response is required. EPA admits that it did not promulgate or propose regulations for Category 3 marine vessels by April 27, 2007, but EPA notes that it has adopted a revised deadline for the promulgation of a new Category 3 rule and has issued an advance notice of proposed rulemaking for a new Category 3 rule. The fourth sentence of Paragraph 11 of the Complaint is Plaintiff's characterization of its lawsuit, to which no response is required.

12. Paragraph 12 of the Complaint contains conclusions of law, to which no response is required.

## V.

## FACTUAL AND LEGAL BACKGROUND

13. The first, second, third, and fourth sentences of Paragraph 13 of the Complaint characterize impacts specific to Plaintiff's district and EPA is without sufficient knowledge to form a belief as to the truth of these allegations. Therefore, these allegations are neither admitted nor denied. The fifth sentence of Paragraph 13 of the Complaint contains legal conclusions, to which no response is required.

14. The first and second sentences of Paragraph 14 of the Complaint characterize portions of an enacted statute, the Clean Air Act, which speaks for itself and is the best evidence of its content. EPA denies the allegations of the first and second sentences of Paragraph 14 to

the extent they are inconsistent with the Clean Air Act.  EPA admits the third sentence of Paragraph 14.

15.  The first sentence of Paragraph 15 of the Complaint characterizes portions of an enacted statute, the Clean Air Act, which speaks for itself and is the best evidence of its content.  EPA denies the allegations of the first sentence of Paragraph 15 to the extent they are inconsistent with the Clean Air Act.  The second sentence of Paragraph 15 of the Complaint characterizes portions of the Federal Register, which speaks for itself and is the best evidence of its content.  EPA denies the allegations of the second sentence of Paragraph 15 to the extent they are inconsistent with the Federal Register.

16.  The first sentence of Paragraph 16 of the Complaint contains conclusions of law, to which no response is required.  The second sentence of Paragraph 16 of the Complaint characterizes portions of a regulation, which speaks for itself and is the best evidence of its content.  EPA denies the allegations of the second sentence of Paragraph 16 to the extent they are inconsistent with the regulation.  EPA admits it was sued by Bluewater Network.  The remaining allegations in the third sentence of Paragraph 16 of the Complaint characterize the settlement of that case.  The petition and settlement in that case speak for themselves and are the best evidence of their content. EPA denies the allegations of the third sentence of Paragraph 16 to the extent they are inconsistent with the petition and settlement.

17.  Paragraph 17 of the Complaint characterizes a regulation.  The regulation speaks for itself and is the best evidence of its content.  EPA denies the allegations of Paragraph 17 to the extent they are inconsistent with the regulation.

18.  EPA admits the first two sentences of Paragraph 18 of the Complaint.  The

remainder of Paragraph 18 of the Complaint purports to describe the case <u>Bluewater Network v. EPA</u>, 372 F.3d 404 (D.C. 2004). The decision in that case speaks for itself and is the best evidence of its content. EPA denies the allegations of the remainder of Paragraph 18 to the extent they are inconsistent with the decision in the case.

19. EPA admits that it did not promulgate or propose regulations for Category 3 marine vessels by April 27, 2007, but EPA notes that it has adopted a revised deadline for the promulgation of a new Category 3 rule and has issued an advance notice of proposed rulemaking for a new Category 3 rule.

## VI.

### FIRST CLAIM FOR RELIEF

20. EPA incorporates by reference the responses in the preceding paragraphs of this Answer as though fully set forth herein.

21. The first sentence of Paragraph 21 of the Complaint purports to describe portions of a regulation. The regulation speaks for itself and is the best evidence of its content. EPA denies the allegations of the first sentence of Paragraph 21 to the extent they are inconsistent with the regulation. EPA admits that it did not promulgate or propose regulations for Category 3 marine vessels by April 27, 2007, but EPA notes that it has adopted a revised deadline for the promulgation of a new Category 3 rule and has issued an advance notice of proposed rulemaking for a new Category 3 rule.

22. Paragraph 22 of the Complaint contains conclusions of law, to which no response is required.

23. Paragraph 23 of the Complaint contains conclusions of law, to which no response is

required.

## VII.

## SECOND CLAIM FOR RELIEF

24. EPA incorporates by reference the responses in the preceding paragraphs of this Answer as though fully set forth herein.

25. Paragraph 25 of the Complaint contains conclusions of law, to which no response is required.

26. The first, second, and third sentences of Paragraph 26 of the Complaint contain conclusions of law, to which no response is required. EPA admits that it did not promulgate or propose regulations for Category 3 marine vessels by April 27, 2007, but EPA notes that it has adopted a revised deadline for the promulgation of a new Category 3 rule and has issued an advance notice of proposed rulemaking for a new Category 3 rule.

27. Paragraph 27 of the Complaint contains conclusions of law, to which no response is required.

## VIII.

## THIRD CLAIM FOR RELIEF

28. EPA incorporates by reference the responses in the preceding paragraphs of this Answer as though fully set forth herein.

29. The allegations in Paragraph 29 of the Complaint contain conclusions of law, to which no response is required.

30. The allegations in Paragraph 30 of the Complaint contain conclusions of law, to

which no response is required.

## PRAYER FOR RELIEF

Plaintiff's Complaint has a prayer for relief requesting various forms of relief. To the extent a response is required, the United States denies that Plaintiff is entitled to the requested relief or to any other judgment or relief in its favor.

## GENERAL DENIAL

To the extent any allegations have not been specifically addressed in the preceeding paragraphs, the United States hereby denies such allegations.

                                                        Respectfully submitted,

                                                        RONALD J. TENPAS
                                                        Acting Assistant Attorney General
                                                        Environment and Natural Resources Division

                                                        /s/ EILEEN MCDONOUGH
                                                        Eileen McDonough
                                                        Environmental Defense Section
                                                        U.S. Department of Justice
                                                        P.O. Box 23986
                                                        Washington, D.C. 20026-3986
                                                        (202) 514-3126

Dated: December 3, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing ("ECF") System of this Court, which will send notification of such filing to the following attorneys of record who have registered ECF email addresses with this Court: Khatereh S. Ghiladi, Barbara Beth Baird, and Kurt Rowland Wiese.  I further certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Michael Ray Harris
South Coast Air Quality Management District
21865 Copley Drive
Diamond Bar, CA 91765
(909) 396-3460


      /s/ EILEEN MCDONOUGH
      Eileen McDonough